1. EXECUTOR—COMMISSIONS.
Where the surrogate, to avoid an illegal suspension of the power of alienation, construed a gift of one-half of the estate to the executor thereof to be held in five separate trusts, and to be applied to the education, maintenance, and support of the children of testator's nephew, and the executor took no steps to procure a judicial construction of the will, but refused to pay the children anything thereunder, he will be refused commissions on a final compulsory accounting.

In the matter of the accounting of Horace L. Ingersoll, executor of Henry S. Ingersoll.  Decree rendered.

John J. O'Brien, for executor.
Francis B. Chedsey, for Horace Ingersoll.
Brennan & Curran, for Kate Ingersoll Walker.

CHURCH, S.  Upon the settlement of the executor's accounts herein the question is raised as to the validity of a certain provision in the will of the deceased.  The clause in question provides as follows:

"Seventh. * * * The other of said equal one half Parts, I give, devise and bequeath to said Horace L. Ingersoll, to be held by him in trust nevertheless, to invest the same in such manner as he shall deem wise and apply the income thereof and so much of the principal as he may deem necessary to the education, maintenance and support of the children of my nephew Henry F. Ingersoll."

It appears that the said Henry F. Ingersoll, at the date of the will and at the time of decedent's death, had five children, two of whom are now of age.  It is contended herein on the part of the executor that this provision in question is void in consequence of there being a suspension of the power of alienation for more than two lives in being, namely, during the lives in being of the said five children of · Henry F. Ingersoll.  While in a plain case the courts should, without any faltering, declare a provision to be invalid, yet, if the matter is somewhat obscure, so that the declaring of any provision invalid would do violation to the intent of the testator, then it is the duty of the court, if possible, to give the matter such a construction as will effectuate the intention of the testator, and yet make such provision perfectly legal and valid.  It needs no words of mine to show that it was plainly the desire of this testator to provide for these children of his nephew.  It does not appear who drafted the will, or whether it was done by an attorney, or by some person assuming to have certain capability in this line.  It is apparent, however, that, if we regard this trust as one created for the benefit of the various children individually, and not collectively, that then it would be valid. With the intent of the testator in mind, therefore, and with the knowledge that, if this trust was intended to be for the benefit of these children collectively, it would be plainly invalid, it seems that the proper interpretation of this will is to regard that this trust is to be for the benefit of these children individually, as effectually as

if it had expressly so provided. With this interpretation in mind, the directions of the application of so much of the principal as may be deemed wise for the education, support, and maintenance is simplified, as if, in the judgment of the trustee, any one particular child needs more than the income of the specific amount held in trust for him, the trustee may apply such proportion of the principal as, in his judgment, is proper. The trustee named in the will should therefore treat this provision as five separate trusts for the benefit of each of the children of said Henry F. Ingersoll.

Objection is made to the payment of commissions to the executor herein on account of the fact that he has arbitrarily refused to make any of these payments, and has done nothing to endeavor to get a construction upon this provision until this final compulsory accounting. It is true that the offices of executor and trustee are separate ones, and that a trustee, of course, cannot act until the money is turned over to him by the executor; but in this case the same person filled both places. The relations were interblended, and it was evidently the intention of the testator that the payment of these proportions of the estate should begin immediately after his death. The executor herein, having doubted the validity of the provision of the will, should have, upon the probate, asked for a construction of the same under the appropriate provision of the Code, and he at least could have treated the request of these children for money with some degree of courtesy. It appears that there has been absolutely no answer whatever of any kind made to their demands for money, nor has there been any explanation or suggestion as to his conduct in the matter. Under the circumstances, it seems to me that to allow him his commissions would be in the nature of rewarding improper conduct.

Decreed accordingly.